CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ANTHONY G. HOLTON, )
) Civil Action No. 5:08CV00042
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Anthony G. Holton, was born on June 6, 1961 and eventually completed his high school education. Mr. Holton has worked as a furniture deliveryman, retail cashier, poultry plant processor, office cleaner, fast food restaurant supervisor, and hotel reservationist. He last worked on a regular and sustained basis in 2000. On March 4, 2004, Mr. Holton filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment in September of 2000 due to

degenerative disc disease. Mr. Holton now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Holton met the insured status requirements of the Act through the fourth quarter of 2005, but not thereafter. See, gen., 42 U.S.C. § 423(a)(1)(A). Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2005. See, gen., 42 U.S.C. § 423(a).

Mr. Holton's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 16, 2006, the Law Judge also determined that Mr. Holton is not disabled. The Law Judge found that plaintiff suffers from a severe impairment on the basis of a back disorder complicated by obesity. The Law Judge also noted that plaintiff suffers from several nonsevere impairments. The Law Judge ruled that, despite the back impairment, Mr. Holton retains sufficient functional capacity to perform his past relevant work as an office cleaner and fast food worker. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Holton has now appealed to this court.

The record reveals that, five days after the Law Judge issued the unfavorable decision on plaintiff's concurrent applications, Mr. Holton filed a new application for supplemental security income benefits. Inasmuch as his insured status had terminated less than three months earlier, plaintiff was unable to file a new application for disability insurance benefits. In an opinion dated

2

Case 5:08-cv-00042-GEC    Document 16    Filed 12/31/08    Page 2 of 8    Pageid#: 89

July 24, 2008, another Administrative Law Judge found that plaintiff was disabled for all forms of substantial gainful employment for purposes of his second application for supplemental security income benefits, as of the date of that application.[1]

In determining whether the first Administrative Law Judge's decision is supported by substantial evidence, the court is guided by the statutory framework as well as familiar and well-established case law. While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record documents progressively worsening degenerative disc disease. The court agrees that during the period immediately following his last substantial gainful activity in 2000, and continuing through at least November of 2003, the medical evidence tends to support the notion that, while limited in physical function, Mr. Holton retained sufficient functional capacity for lighter forms of work activity. However, beginning in late 2004, plaintiff's treating physicians, including his family

---

[1] A copy of the second Administrative Law Judge's favorable decision is appended to plaintiff's motion for summary judgment.

doctor and an orthopaedist at the University of Virginia Medical Center, produced findings and opinions which indicate that Mr. Holton's disc disease had progressed to a disabling level of severity. The court concludes that the Administrative Law Judge improperly placed controlling weight on the earlier medical reports as well as opinions from nonexamining state agency physicians. In light of the medical reports and assessments from the physicians who saw Mr. Holton over a period of time, the court concludes that the Commissioner's final decision is not supported by substantial evidence, and that Mr. Holton has met the burden of proof in establishing that he became disabled for all forms of substantial gainful activity, at least as early as November of 2005.

The medical record reflects that Mr. Holton first began to seek treatment for musculoskeletal discomfort in the late 1990s and early 2000s. The record also reveals that plaintiff was unable to afford all of the diagnostic studies and rehabilitative procedures recommended by his physicians. Dr. Bruce Rose, a family practitioner, submitted a series of medical reports covering his treatment of plaintiff since October of 2000. While the Administrative Law Judge correctly noted that Mr. Holton went for many months without seeing this medical provider, Dr. Rose produced medical findings in late 2004 and early 2005 which indicate that plaintiff is totally disabled. Citing his own clinical findings and objective testing results from the University of Virginia Medical Center, Dr. Rose opined that the pain associated with the degenerative disease process in plaintiff's neck and back is so severe as to render plaintiff disabled for sustained work activities at any exertional level.

Dr. Vincent Arlet, an orthopaedic specialist from the University of Virginia Medical Center, submitted several reports documenting treatment of plaintiff for multiple pain syndrome.

4

Based on his examination and studies, Dr. Arlet diagnosed two level disc disease, with a central disc herniation, though without nerve compression, complicated by fibromyalgia. On November 4, 2004, Dr. Arlet submitted an assessment which includes findings suggestive of a listed impairment under Rule 1.04(A) of Appendix 1 to Subpart P of the Administrative Regulations Part 404.[2][3]

In finding that Mr. Holton is disabled for purposes of the second application for supplemental security income benefits, the second Administrative Law Judge summarized the medical reports compiled by Dr. Arlet and Dr. Rose in 2004-05 as follows:

> It is the consensus of the treating physicians that the claimant is unable to work due to the severity of his physical and mental impairments. In an interrogatory completed at the request of the claimant's representative, Vincent Arlet, M.D., reported diagnoses of herniated nucleus pulposus of the lumbar spine, degenerative disc disease, and facet arthritis demonstrated on MRI, with associated findings of limitation of motion and positive straight leg raising, and opined that the level of severity of the claimant's back disorder meets medical listing 1.04(A).
>
> In a physical residual functional capacity questionnaire completed in November 2005, Bruce Rose, M.D., reported diagnoses of back disorders with MRI findings of cervical and lumbar arthritis, stenosis, and disc herniation, asthma, GERD, hyperlipidemia, obesity, and sleep apnea. He characterized the claimant's pain as "severe" and "constant," and reported that symptoms are not relieved by prescribed medications. In addition to limitations in lifting/carrying, which would restrict the claimant to sedentary work, at best, Dr. Rose limited sitting and standing/walking to a total of less than two hours in an eight hour workday. The claimant was unable to stoop, crouch, or climb, was limited in reaching and grasping, required frequent periods of rest, and would likely miss work in excess of four days per month. (page cites omitted.)

---

[2] If a claimant suffers from an impairment listed under Appendix 1, the claimant is deemed to be disabled for all forms of substantial gainful employment without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

[3] Without going into any great detail, the court finds and concludes that the Law Judge's assessment in determining that plaintiff does not suffer from a listed impairment is reasonable, and cannot be disturbed. However, the court believes that Dr. Arlet's findings fully support the notion that plaintiff's back condition and pain syndrome combine so as to prevent performance of sustained work activity at any exertional level.

5

In quoting from the second Administrative Law Judge's opinion, the court does not suggest that the Commissioner is now bound by the findings made in conjunction with plaintiff's subsequent application for supplemental security income benefits. Indeed, in fairness to the first Administrative Law Judge, it should be noted that the second Law Judge relied on other medical findings, including a diagnosis of recurrent major depression and panic disorder set forth in a psychiatric report dated in October of 2006. Yet, the second Law Judge's discussion of plaintiff's back disorder underlines the fact that the medical specialists who actually saw and treated Mr. Holton in the eighteen month period immediately prior to termination of his insured status, concluded that plaintiff's physical limitations and pain had progressed to the extent as to prevent regular and sustained work activity.

In his opinion, the first Administrative Law Judge relied heavily on the reports from nonexamining state agency physicians in determining that Mr. Holton retained sufficient functional capacity to perform past relevant work at all times prior to the termination of his insured status. Specifically, the Law Judge relied on medical record reviews completed by Dr. W. C. Amos and Dr. R. S. Kadian. However, the administrative regulations provide that reports and opinions from treating physicians must be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). In the instant case, it is undisputed that neither Dr. Amos or Dr. Kadian actually saw or examined Mr. Holton. Furthermore, under the administrative adjudication scheme, even greater weight is to be given to opinions of medical sources who have treated a claimant over a period of time. See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). The governing administrative regulations also

6

provide that more weight should be given to the opinions and reports of a medical specialist, such as an orthopaedist. See 20 C.F.R. §§ 404.1526(d)(5) and 416.926(d)(5).

In Mr. Holton's case, the only physicians who have suggested that plaintiff could perform regular and sustained work activity were the state agency doctors who did not personally examine the claimant. On the other hand, Dr. Arlet and Dr. Rose saw Mr. Holton on several occasions. Both physicians relied on MRI studies which revealed a herniated nucleus pulposus, degenerative disc disease at several levels, and facet arthritis. Dr. Arlet, an orthopaedic specialist, considered the objective medical findings to be consistent with plaintiff's complaints of severe pain. See Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) (subjective complaints can support a disability claim when consistent with objective medical findings). In this case, the evidence is simply not consistent with the Law Judge's ultimate determination that plaintiff's complaints of pain are exaggerated. Indeed, all of the medical source material considered to be most reliable under the administrative regulations, suggests that Mr. Holton is disabled for all forms of substantial gainful activity.

For these reasons, the court concludes that the Commissioner's final decision denying plaintiff's entitlement to a period of disability is not supported by substantial evidence. The court finds that plaintiff has met the burden of proof in establishing that he was disabled for all forms of substantial gainful activity prior to the termination of his insured status. Given the progression of the medical evidence in this case, and considering the comments made by plaintiff's attorney during oral argument as to the date of disability onset now sought by plaintiff, the court concludes that Mr. Holton has met the burden of proof in establishing that he became disabled for all forms of substantial gainful employment on November 7, 2005.

The court is constrained to conclude that the Commissioner's final decision in this case is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to a period of disability beginning on November 7, 2005, summary judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper disability insurance benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff was not disabled. However, inasmuch as the Commissioner has apparently not considered whether plaintiff met the financial eligibility requirements under that benefit program during the period prior to the date of the second application for supplemental security income benefits, the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of December, 2008.

*[signature]*

United States District Judge